**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**----------------------------------------------------X**

AHMET OZGEN,

Plaintiff,

-against-

RELIANCE ENTERPRISES, INC. d/b/a SHELL FOOD MART and JANENDER NARANG,

Defendants.

**----------------------------------------------------X**

**CIV. ACTION NO.:**

**COMPLAINT**

Plaintiff, AHMET OZGEN ("Plaintiff"), as and for his Complaint against Defendants, RELIANCE ENTERPRISES, INC. d/b/a SHELL FOOD MART ("Reliance Enterprises") and JANENDER NARANG ("Narang") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Reliance Enterprises owns and operates a Shell gas station and food mart located at 482 Sills Road, Yaphank, New York.

2. Plaintiff worked for Reliance Enterprises as a gas station attendant.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime and other relief related to his employment with Defendants.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

5. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Plaintiff is a resident of the State of New York.

9. Upon information and belief, Narang is a resident of the State of New York.

10. Upon information and belief, Reliance Enterprises is a domestic business corporation duly organized and existing under the laws of the State of New York.

## FACTUAL ALLEGATIONS

### Defendant Reliance Enterprises, Inc.

11. Reliance Enterprises owns and operates a Shell gas station and food mart located at 482 Sills Road, Yaphank, New York.

12. At all times relevant to this Complaint, Reliance Enterprises had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

13. At all times relevant to this Complaint, Reliance Enterprises had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

14. At all times relevant to this Complaint, Reliance Enterprises had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

15. At all times relevant to this Complaint, Reliance Enterprises was a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, employed

Plaintiff.

16. During Plaintiff's employment, Reliance Enterprises maintained control, oversight, and direction over him, including timekeeping, payroll, and other employment practices.

**Defendant Janender Narang**

17. At all relevant times, Narang ("Individual Defendant") was an individual engaged in business within this judicial district.

18. Upon information and belief, Individual Defendant was and continues to be an owner, officer, director, member, and/or managing agent of Reliance Enterprises.

19. At all relevant times, Individual Defendant ran the daily operations of Reliance Enterprises.

20. At all relevant times, Individual Defendant participated in the management and supervision of Plaintiff and his work for Reliance Enterprises.

21. At all relevant times, Individual Defendant exercised operational control over Reliance Enterprises, controlled significant business functions of Reliance Enterprises, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Reliance Enterprises in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

22. Upon information and belief, Individual Defendant determined the wages and compensation of Reliance Enterprises' employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

23. Individual Defendant participated in the decision to hire Plaintiff.

24. Individual Defendant participated in the decision to fire Plaintiff.

25. Individual Defendant participated in deciding the job duties that Plaintiff performed.

26. Individual Defendant participated in directing Plaintiff's job duties and responsibilities.

27. Individual Defendant participated in the supervision of Plaintiff's job duties and responsibilities.

28. Individual Defendant participated in deciding Plaintiff's work schedule.

29. Individual Defendant participated in deciding the manner in which Plaintiff was paid.

30. Individual Defendant participated in deciding the compensation Plaintiff was paid.

31. Individual Defendant participated in deciding Plaintiff's pay rates.

32. Individual Defendant was responsible for ensuring Plaintiff was paid properly.

33. At all relevant times, Individual Defendant was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

**Defendants Constitute Joint Employers**

34. Individual Defendant owns, operates, and/or controls Reliance Enterprises.

35. Individual Defendant possesses operational control over Reliance Enterprises, possesses an ownership interest in Reliance Enterprises, and controls significant functions of Reliance Enterprises.

36. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

37. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff,

referred to herein.

38. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

39. Defendants jointly employed Plaintiff and were Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Plaintiff Ahmet Ozgen**

40. Defendants employed Plaintiff as a gas station attendant for their benefit and at their direction.

41. Defendants employed Plaintiff from 2016 until April 2026.

42. During the time-period 2020 until 2024, Plaintiff worked seven (7) days a week.

43. From 2020 until 2024, Plaintiff worked Monday through Sunday from 7:00 p.m. to 7:00 a.m.

44. During this time, Plaintiff worked 84 hours each week.

45. From 2024 until April 2026, Plaintiff worked seven (7) days a week.

46. During this time, Plaintiff worked Monday through Sunday from 12:00 p.m. to 10:00 p.m.

47. During this time, Plaintiff worked 70 hours each week.

48. From 2020 until April 2026, Defendants paid Plaintiff an hourly rate of pay as follows: 2020 through 2023 - $12.00 an hour; 2024 - $13.00 an hour; 2025 and 2026 - $15.00 an hour.

49. During this time, Defendants paid Plaintiff an hourly rate that was less than the New York State minimum wage rate for Suffolk County, New York.

50. During this time, Defendants paid Plaintiff straight-time for all hours worked.

51. During this time, Defendants paid Plaintiff less than the New York State minimum wage rate for Suffolk County, New York for all hours worked each week and failed to pay Plaintiff the additional half-time overtime premium to which he was entitled for any of the hours he worked in excess of forty (40) per week.

52. Throughout Plaintiff's employment, Defendants did not pay Plaintiff spread-of-hours compensation for any day that his shift exceeded ten (10) hours.

53. Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

54. Defendants did not provide Plaintiff with complete and accurate paystubs, as required by NYLL § 195(3).

55. Because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, Plaintiff was kept in the dark about how much he should have been paid.

56. Had Defendants provided such wage notices and statements, Plaintiff would have been more likely to know that he was entitled to overtime compensation for the hours he worked in excess of forty (40) each week, and he could have advocated for himself and brought this lawsuit earlier to enforce his rights under state and federal law.

57. However, because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, he could not rectify the situation, which resulted in his continued underpayment of wages.

58. As a result of Defendants' failure to provide the required wage notices and statements, Plaintiff has incurred tangible, downstream harm.

59. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

60. Defendants were aware of the wage and hour laws under federal and state law as they pertain to the payment of minimum wages and overtime compensation.

61. Defendants knowingly and intentionally ignored the wage and hour laws under federal and state law as they pertain to the payment of minimum wages and overtime compensation.

62. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

63. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

64. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

66. Defendants are subject to the overtime pay requirements of the FLSA because Reliance Enterprises is an enterprise engaged in commerce or engaged in the production of goods for commerce.

67. At all times relevant to this Complaint, Reliance Enterprises had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

68. Upon information and belief, the gross annual volume of sales made or business done by Reliance Enterprises in each applicable year of Plaintiff's employment was not less than $500,000.00.

69. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

70. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

71. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

72. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

73. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

74. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

75. Defendants did not act in good faith with respect to the conduct alleged herein.

76. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**<u>FAILURE TO PAY OVERTIME</u>**

77. Plaintiff reasserts and realleges the allegations set forth in each of the above

paragraphs as though fully set forth herein.

78. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA.

80. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

81. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

82. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

83. Defendants have not acted in good faith with respect to the conduct alleged herein.

84. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**<u>FAILURE TO PAY SPREAD OF HOURS</u>**

85. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86. As set forth herein, Plaintiff regularly worked a spread of hours beyond ten (10) per day during his employment with Defendants.

87. Defendants never paid spread of hours pay to Plaintiff as required by the NYLL.

88. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

89. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT IV**
**VIOLATION OF NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

90. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

91. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

92. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

93. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

94. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

95. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

96. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

97. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

98. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VI**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

99. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

100. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

101. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

102. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime, minimum wages, and spread-of-hours compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and wage statements;

B. Award compensatory damages, including all unpaid and wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
November 2, 2026

The NHG Law Group, P.C.

Justin Reilly

By: Justin M. Reilly, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com